LONG ENGINEERING COMPANY, INC. v. HENNIS FREIGHT LINES, INC.

(Filed 10 April 1963.)

APPEAL by defendant from *Johnston, J.,* October 8, 1962, Term of FORSYTH.

This action for breach of contract, instituted in the Small Claims Division of the Superior Court of Forsyth County, was tried (without a jury) by the presiding judge. G.S. 1-539.3 *et seq.*

At the conclusion of plaintiff's (the only) evidence, defendant moved for judgment of nonsuit and excepted to the denial thereof.

The court based its conclusions of law and judgment on the following findings of fact:

"1. That on or about October 24, 1960, the defendant, Hennis Freight Lines, Inc., owned and operated a business enterprise known as 52 Restaurant, located on U. S. Highway 52, located on property known as Lot Number 26-A of Block 2895 on the Tax Map of Forsyth County.

"2. That defendant had in its employ William B. Holliday, as general manager of said restaurant, and that on the 24th day of October, 1960, the defendant, acting through William B. Holliday as its agent and employee, entered into three (3) separate contracts with the plaintiff, as alleged in the Complaint; that in the early part of 1962, the defendant breached the contracts, and that there was due and owing under the terms of the contracts at the time of the breach thereof the sum of $474.85; and that the plaintiff has suffered a loss of profits on account of the breach in the sum of $500.00."

Defendant made motions "to set the verdict aside" and "for a new trial" and excepted to the denial thereof.

Judgment for plaintiff for $974.85 and costs was entered. Defendant excepted to the judgment and appealed; and it is stated in the appeal entries that defendant excepted "to the findings of fact by the Court."

*Hudson, Ferrell, Petree, Stockton, Stockton & Robinson for plaintiff appellee.*

*Harold R. Wilson for defendant appellant.*

PER CURIAM. The evidence, when considered in the light most favorable to plaintiff, was sufficient to withstand defendant's motion for judgment of nonsuit. Defendant's exception to "the findings of fact by the Court" is broadside and ineffectual. It does not present for review the sufficiency of the evidence to support any particular finding of fact. Strong, N. C. Index, Vol. 1, Appeal and Error § 22 and cases cited. The judgment is fully supported by the court's findings of fact and defendant's assignments do not disclose prejudicial error.

Affirmed.